## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**ANDREW H. WILLIAMS, JR.**      \*

Petitioner,                 \*

v.                     \*      Civil Action No. RWT-15-0414
                            Criminal No. RWT-09-0213

**UNITED STATES OF AMERICA,**   \*

Respondent.            \*

## OPINION AND ORDER

On February 9, 2015, more than two years after he was sentenced for conspiracy, money laundering, and multiple counts of wire fraud, Petitioner Andrew H. Williams, Jr. filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence.  ECF No. 749.  He subsequently filed a motion to supplement the original motion.  ECF No. 755.  During the course of these filings, Petitioner also filed a Demand for Default Judgment Against the United States.  ECF No. 753.  Most recently, he filed a Motion to Enter Default.  ECF No. 778.

### I.      Petitioner's Motion under § 2255

Petitioner's Motion under § 2255 is time-barred.  In his original motion, he asserts that "Judgment was entered January 7, 2015."  It appears that Petitioner is referring to the Request for Writ of Execution filed by the Government on January 7, 2015.  ECF No. 742.  Neither the request nor the writ, issued on January 15, 2015, is a judgment.  Petitioner's criminal judgment was entered on April 4, 2012.  ECF No. 667.  Petitioner admits as much by attaching his judgment, dated April 4, 2012, as "Exhibit 'A'" to his petition.  ECF No. 749-1, at 1.  The Clerk's Notice of Post-Judgment Execution, which Petitioner attached as "Exhibit 'B'," clearly delineates how Petitioner can challenge the writ.  ECF No. 749-2, at 1, 4–5.  Instead of following this procedure, Petitioner chose to challenge the judgment.  Seemingly admitting that he is

outside the statute of limitations, Petitioner requests equitable tolling in his Reply because he has been submitting "UCC filings to various agencies to record exhaustion attempts" since 2012 and his attorney "never advised movant of § 2255 motion."   ECF No. 754, at 3.   Petitioner also claims that he learned of the one-year statute of limitations only later.  *Id.* at 4.

To be entitled to equitable tolling, Petitioner must establish that either some wrongful conduct by the Government contributed to his delay in filing his § 2255 motion or that circumstances beyond his control caused the delay.  *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).  Neither is present here.  To the extent he is asserting that his attorney caused the delay in filing, that is insufficient for equitable tolling.  *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (attorney error is insufficient basis for equitable tolling).  To the extent Petitioner is claiming he was not aware of his right to file a § 2255 motion or was operating under the misconception that he needed to file "UCC filings," his mistaken beliefs are not circumstances beyond his control.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law even for *pro se* litigant is insufficient).

Because the § 2255 motion was filed beyond the statute of limitations, the Court will dismiss it as untimely.  Petitioner's motion to supplement his § 2255 motion will be denied.

## II.    Petitioner's Motions for Default

Petitioner has also filed a Demand for Default Judgment Against the United States and a Motion to Enter Default of the Respondent.   ECF Nos. 753, 778.  These motions stem from a letter and "Affidavit in Rebuttal of Presumption of Indebtedness" Petitioner sent to the United States Attorney's Office on February 3, 2016.  ECF No. 753-1, at 2–3.  In a footnote to the affidavit, Petitioner asserts that if the Government does not answer within five days, "the forfeiture proceedings is [sic] terminated as null and void."  ECF No. 753-1, at 8.  In support of

this requirement, Petitioner cites *United States v. Harkins Builders, Inc.*, 45 F.3d 830, 835 (4th Cir. 1995), a case which does not support Petitioner's attempt to demand unilaterally that the Government respond.  Petitioner's subsequent motions rest on this demand and are therefore unsupported by law.  Both motions shall be dismissed.

### III.     Petitioner's Challenge to the Writ of Execution

Finally, in an abundance of caution, the Court has considered whether the sum total of Petitioner's voluminous filings represent an adequate request to challenge the Writ of Execution, even if they were not so named.  They do not.  Petitioner never mailed his notice to the Court, as required and as explained in the Clerk's Notice of Post-Judgment Execution.  *See* ECF No. 749-2, at 1, 4–5.  Instead, he mailed his notice only to the United States Attorney's Office, ECF No. 753-1, and attempted to force the Government into nullifying the judgment through a legally unsupportable condition buried in a footnote.

Furthermore, his request most certainly fails on the merits.  The crux of Petitioner's arguments in these filings appears to be that Petitioner believes he does not live in the United States and that Andrew H. Williams, Jr. is an individual, while ANDREW H. WILLIAMS, JR. is a "ficticious [sic] corporation."  In reality, it is Petitioner's arguments that are fictitious.  He requests a hearing "to determine if I am the debtor and the United States is the creditor against me or my property, money or assets in question."  Petitioner has presented no plausible evidence that he is not the debtor or that he is not subject to the laws of the United States.  *See United States v. Mitchell*, 405 F. Supp. 2d 602, 603–06 (D. Md. 2005) (explaining the fallacy and history of the "sovereign citizen" movement).  No hearing is necessary, and Petitioner's request to challenge the writ of execution, to the extent the Court may take notice of it as it was never sent to the Court, is denied.

### IV.        Certificate of Appealability

The Petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability.    *See* 28 U.S.C. § 2253(c) (2012); *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).   A certificate of appealability will not issue unless the Petitioner has made a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2) (2012); *Miller-El*, 537 U.S. at 337.   Under this standard, the Petitioner must show that "jurists of reason could have resolved this claim differently."    *Rowsey v. Lee*, 327 F.3d 335, 341 (4th Cir. 2003) (citing *Miller-El*, 537 U.S. at 336).   This Court has assessed the claims in the Petitioner's § 2255 motion and found them deficient.   No reasonable jurist could find merit in any of Petitioner's claims, and thus no certificate of appealability shall issue.

Accordingly, it is, this 7th day of April, 2016,

**ORDERED**, that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence, ECF No. 749, is **DISMISSED**; and it is further

**ORDERED**, that Petitioner's Motion to Supplement his Motion under 28 U.S.C. § 2255, ECF No. 755, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Demand for Default Judgment, ECF No. 753, is **DENIED**; and it is further

**ORDERED**, that Petitioner's Motion to Enter Default, ECF No. 778, is **DENIED**; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** RWT-15-cv-0414; and it is further

**ORDERED**, that the Clerk **SHALL MAIL** a copy of this Order to the Petitioner.

_____/s/_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE

4